ELBERT HERRING v. QUEEN CITY COACH COMPANY, A CORPORATION.

(Filed 3 February, 1950.)

**Venue § 1b—**

> The right of an administratrix in regard to motions for change of venue under G.S. 1-78 may not be invoked by another party to the action.

APPEAL by defendant from *Shuford, Special Judge,* at 15 June, 1949, Term of DURHAM.

Civil action instituted in Superior Court of Durham County, North Carolina, by plaintiff, a resident of said county, to recover of defendant for personal injury and property damage sustained as proximate result of negligence of defendant, in a collision between defendant's bus, operated by its agent in the course of its business, and in which plaintiff was a passenger, and an automobile operated by one Paul Spivey.

Defendant moved for removal of the action from the Superior Court of Durham County to, and for trial in the Superior Court of Wake County, as a matter of right, on the ground that Paul Spivey, a resident of Wake County, is dead, and Mabel Spivey has been appointed administratrix of the estate of Paul Spivey by Clerk of Superior Court of Wake County, and is a necessary and proper party to this action, in that the collision in which plaintiff was injured was due to the actionable negligence of said Paul Spivey,—as averred in the further answer of defendant.

Defendant then filed answer, and moved that the said administratrix be made a party defendant.

The court ordered that the administratrix be made a party defendant, etc., but denied the motion for the removal of the action as aforesaid:

Defendant appeals to Supreme Court and assigns error.

*Bell & Horton for plaintiff, appellee.*

*R. M. Gantt for defendant, appellant.*

PER CURIAM. The right to the benefits of the provisions of G.S. 1-78, as to venue for "actions against executors and administrators in their official capacity" would seem to rest with the executor or administrator as the case may be. Such right does not exist as to third parties. Hence, the court properly denied defendant's motion for the removal of the action.

Affirmed.